JOSEPH P. RUSSONIELLO (CASBN 44332)
United States Attorney

BRIAN J. STRETCH (CASBN 163973)
Chief, Criminal Division

ALLISON MARSTON DANNER (CASBN 195046)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-7144
Fax: (415) 436-7234
Email: allison.danner@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MAHER WALID KHATIB,<br><br>Defendant. | No. CR 07-0619 WHA<br><br>UNITED STATES' SENTENCING MEMORANDUM<br><br>Date: May 6, 2008<br>Time: 2:00 p.m.<br>Court: Hon. William H. Alsup |

On February 5, 2008, defendant pleaded guilty to a single count of unarmed bank robbery, in violation of 18 U.S.C. § 2113(a), pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. The United States respectfully asks this Court to sentence defendant to the sentence agreed to by the parties and endorsed by the Probation Office–namely 46 months imprisonment, three years of supervised release, and a $100 special assessment. This sentence falls within the advisory guideline range and comports with the factors listed in 18 U.S.C. § 3553(a).

BACKGROUND

On September 17, 2007, at approximately 9:05 a.m., a lone adult male–later identified as the defendant–entered the Citibank located at 590 Market Street in San Francisco. (PSR ¶ 5.) Defendant went to the customer service counter against the wall and began writing something. *Id.* He then approached a teller and placed a withdrawal slip upside down on the counter. *Id.* He flipped the withdrawal slip over. The teller leaned over to read the note which said, "Robbery, Big Bills, only." *Id.* The teller, fearful that the robber might have a gun, went to his top cash drawer and began removing money. *Id.* The teller grabbed two stacks of $50 bills along with some other denominations and handed over the money. *Id.* Defendant took the money and turned to walk out of the bank. *Id.* As defendant was leaving, the teller slid a stack of papers onto the floor to signal to his co-workers that he had just been robbed. *Id.*

The manager then on duty at the Citibank was standing near the front of the bank when she heard the papers fall from the teller's window. (PSR ¶ 7.) She turned to face the teller, and he pointed to the defendant. She followed defendant out of the door. *Id.* Defendant walked westbound on Market Street, and she followed him. *Id.* She borrowed a cell phone and used the cell phone to call the branch office. *Id.* She told the Citibank employee where she was, and she instructed him to call the police. *Id.* She continued to follow defendant until the police arrived at the scene and arrested defendant in front of 865 Market Street. *Id.* When defendant was arrested, the police found in $3,076 in mixed bills on him. *Id.*

The manager recognized defendant as the same man who had robbed the bank on July 20, 2007. *Id.* Although the manager was not present during the earlier robbery, she had seen videotape of the event. There was one teller who had been present at both robberies. That teller was not able to definitively identify defendant as the person who had committed the earlier robbery. (PSR ¶ 9.)

A bank audit conducted on September 18 at the Citibank revealed that the bank suffered a loss of $3,076 on September 17, 2007. On September 17, Citibank's deposits were insured by the Federal Deposit Insurance Corporation (FDIC).

On September 29, 2007, a federal grand jury in the Northern District of California returned an indictment charging the defendant with one count of violating 18 U.S.C. § 2113(a). On January 22, 2008, defendant requested to represent himself. On January 23, 2008, this Court conducted a hearing pursuant to *Faretta v. California,* 422 U.S. 806 (1975), and found that defendant had unequivocally, voluntarily, and intelligently asserted his right to represent himself. Defendant and the government then negotiated a plea agreement. Defendant pleaded guilty to the charge alleged in the indictment, pursuant to this plea agreement, on February 5, 2008.

## ARGUMENT

### A. The Applicable Sentencing Range Under the Guidelines is 46-57 Months.

Under the Sentencing Guidelines, defendant's base offense level is 20. U.S.S.G. § 2B3.1(a). In addition, he receives two additional points because the property taken belonged to a financial institution. U.S.S.G. § 2B3.1(b)(1). The government agrees that defendant qualifies for the three-point credit pursuant to U.S.S.G. § 3E1.1 for acceptance of responsibility. His adjusted offense level, therefore, is 19.

As calculated by the Probation Office, defendant receives 7 criminal history points, which places him in Criminal History Category IV. The government agrees with this calculation. With an adjusted offense level of 19 and a criminal history category of IV, defendant's sentencing range under the Guidelines is 46-57 months.

### B. A Sentence of 46 Months is Substantively Reasonable in this Case.

In determining the appropriate sentence in a criminal case, this Court must, first, calculate the sentence under the Guidelines and, second, evaluate the sentence for substantive reasonableness in light of the factors set out in 18 U.S.C. § 3553(a). *United States v. Carty,* __ F.3d __, 2008 WL 763770 at *8 (9th Cir. 2008) (en banc). In cases that are neither complex nor unusual, "the Commission's recommendation of a sentencing range will reflect a rough

approximation of sentences that might achieve § 3553(a)'s objectives." *Id.* (internal citations and quotations omitted). A Guidelines sentence will "usually be reasonable." *Id.* at *6.

With regard to the circumstances of the offense, the government finds it noteworthy that the Citibank robberies (including the robbery of July 20, 2007) were nonviolent. While the tellers were frightened by defendant's actions, defendant had no weapon and did not make threatening gestures toward the tellers. The victim-impact statement submitted by the Citibank manager whose quick thinking did much to ensure defendant's apprehension indicates that she has not been affected by defendant's crime. By contrast, defendant's prior bank robberies (committed in 1995) apparently involved bomb threats. (PSR ¶ 54.)

The very thorough Presentence Report in this case demonstrates that defendant has a long criminal history. Indeed, defendant's criminal history is lengthier in terms of the number of convictions (although not with respect to the Guidelines calculation) than the government had previously realized. Defendant's earlier crimes were notably more violent than his more recent offenses. This trend away from violence may stem from defendant's progress with his mental illness. (PSR ¶ 73.) Nevertheless, defendant remains a danger to the community. The government shares the Probation Officer's concerns that the psychological impairments and substance abuse (evidenced primarily by the number of DUI convictions) reflected in the PSR suggest that defendant will have difficulty after his release from prison. For this reason, the maximum term of supervised release, coupled with substance abuse and mental health counseling, appears critical.

18 U.S.C. § 3553(a) directs the sentencing court to impose a sentence that is "sufficient, but not greater than necessary." The ultimate gauge of a sentence is whether it is reasonable in light of the facts set out in § 3553(a). A bank robbery is a serious crime, and there are no factors which would justify a below-guidelines sentence. The lack of violence suggests that a low-end sentence is appropriate. Defendant's history indicates a long struggle with mental illness, which underscores the importance of supervision after defendant's release and any mental health services available through the Bureau of Prisons and, eventually, the Office of Probation.

For these reasons, the government respectfully requests that this Court sentence defendant, in conformity with the plea agreement, to 46 months imprisonment, followed by a 3-year term of supervised release, and a $100 special assessment.

DATED: April 29, 2008

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

ALLISON MARSTON DANNER
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that she is an employee of the office of the United States Attorney, Northern District of California, is a person over 18 years of age and discretion to be competent to serve papers, and is not a party of the within action.. The undersigned certifies that she caused a copy of

**UNITED STATES' SENTENCING MEMORANDUM**

in the case of **UNITED STATES v. MAHER WALID KHATIB, CR 07-0619 WHA** to be served on the party or parties in this action, by placing a true copy thereof in a sealed envelope, addressed as follows which is the last known address:

**MAHER WALID KHATIB (25958-013)**
**FCI Dublin**
**5701 8th Street Camp Parks**
**Dublin, CA 94568**

_______(By Personal Service), I caused such envelope to be delivered by hand to the person or offices of each addressee(s) above.

_____ (By Facsimile), I caused each such document to be sent by Facsimile to the person or offices of each addressee(s) above.

__X__ (By USPS Certified Mail w/ Return Receipt ), I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at San Francisco, California.

_____ (By Fed Ex), I caused each such envelope to be delivered by FED EX to the address listed above.

I declare under penalty of perjury that the foregoing is true and correct, and executed in San Francisco, California.

Dated: April 29, 2008

HUI CHEN
United States Attorney's Office